SUPREME COURT

## SARAH COXE *against* HENRY GULICK.

In an action of dower the defendant may plead in abatement that the husband of the demandant was an alien.

The plea of alienage ought to contain a direct averment that the person is an alien, and that he was born *out* of the allegiance of the state, and within the allegiance of a foreign state.

Alienism will not be inferred simply from the facts that a person was on the 3d of July 1776, a subject of Great Britain; and in the year 1777 withdrew from this state and took refuge with the British army, and died in England, and never took upon himself the oath of allegiance to this state or the United States, but elected to continue a subject of the king of Great Britain.

A demurrer admits all such facts as are sufficiently pleaded, but is no admission of such as are not sufficiently pleaded.

---

This was an action of dower brought by Sarah Coxe, widow of Daniel Coxe, deceased, for her dower in certain premises owned by the defendant. To the ordinary count in dower, the defendant pleaded in abatement, "That heretofore to wit: on the third day of July, in the year of our Lord one thousand seven hundred and seventy-six, to wit: at Trenton, in the said county of Hunterdon, the said Daniel Coxe, in the said count mentioned, was a subject of the king of Great Britain, and that afterwards, to wit: in the year of our Lord one thousand seven hundred and seventy-seven, he the said Daniel Coxe, did withdraw from and out of the State of New Jersey, and that the said Daniel Coxe, at the time of his decease, did reside under the actual jurisdiction and government of the said king of Great Britain, to wit: in England, in the said Kingdom of Great Britain, and that he the said Daniel Coxe, did never take an oath of allegiance to the State of New Jersey, or to the United States, or either of them; nor did the said Daniel Coxe, ever take an oath of abjuration of the king of Great Britain, nor did the said Daniel Coxe at any time, in

Coxe *v.* Gulick.

any overt act by him done, exhibit himself as, or profess himself to be, a citizen of the State of New Jersey, or of the United States or either of them; but the said Daniel Coxe did choose and elect to remain and continue a subject of the said king of Great Britain. And this he is ready to verify. Whereupon he prays judgment of the said count and that the same may be quashed."

*Wall*, for the demandant, cited and relied upon the following authorities: 1 *Chit. Plea.* 215; 2 *ib.* 473; 2 *Cranch* 283; 4 *ib.* 211; 3 *John. Ca.* 107; 2 *ib.* 28; 3 *ib.* 27; 2 *Penn. Rep.* 764; *Rev. Laws* 263, *sec.* 75; 5 *Halst. Rep.* 46; *Rev. Laws* 397; *Story Plead.* 11; 8 *T. Rep.* 166.

*W. Halsted* and *Vroom* for the defendant, cited and relied upon the following cases: 9 *Mass. Rep.* 363; 11 *ib.* 119, 313; 12 *ib.* 8; 10 *John. Rep.* 183; 11 *ib.* 418; 20 *ib.* 323; 3 *Bin. Rep.* 8; 2 *Kent Com.* 34, 35; 4 *Cranch* 321; *Wheat.* 535; 2 *Pick. Reo.* 394, 5 *note;* 2 *Mass. Rep.* 244; 1 *Wheat.* 300; 4 *ib.* 453.

The Chief Justice being the guardian of certain infants against whom were actions, by the same plaintiff, and depending upon the same points, took no part and delivered no opinion.

FORD, Justice, delivered the opinion of the court.

Sarah Coxe, widow of Daniel Coxe, deceased, demands the third part of certain lands for dower of the endowment of her said late husband; and her demand is opposed by a plea in abatement setting out the following facts: 1st. That the said Daniel Coxe, on the 3d day of July 1776, was a subject of the king of Great Britain; 2d. That afterwards in the year 1777, he withdrew from this state; 3d. That at the time of his decease, he resided under the jurisdiction of the

King; 4th. That he never took the oath of allegiance to this state, or the United States, or any of them, nor the oath of abjuration; 5th. Nor did he by any overt act exhibit himself as, or profess himself to be, a citizen of this state; 6th. But that he chose and elected to continue and remain a subject to the king of Great Britain. To this plea there is a general demurrer.

First. If these facts amount to a plea that the husband was an alien, they shew matter of disability which is clearly pleadable in abatement. *Com. Dig. Abatement, E.* 4; 9 *Mass.* 363, *Small* v. *Lee.*

Secondly. A demurrer admits all such facts, as are sufficiently pleaded, to be true. *Bac. Ab. Pleas. N.* 3; but is no admission of such as are not sufficiently pleaded. Now, no facts whatever, will constitute a person an alien without an averment that he *is* one. The court is required to infer from the facts in the plea, that the husband was an alien when the plea itself does not call him so, but seems carefully to avoid doing it. In this respect, it departs from the established form of pleading this defence. In proof of this, I shall simply refer to 2 *Chitty* 473, as among the latest and best authors, and as one who never departs from *Rastall, Lilly* and *Wentworth,* who preceded him in the collection of common law entries. The plea, according to him and all other authors, ought to commence with a direct averment that the person *is* an alien, and then that he was born *out* of the allegiance of the king or state, and *within* the allegiance of a foreign state. In *Calvin's case,* 7 *Rep.* 16, *b.* the most usual and best mode of pleading, was adjudged to be both exclusive and inclusive *extra ligeantiam regis et infra ligeantiam alterius regis.* Yet the two facts, that he was born [for example] *out* of the allegiance of the king of England and *within* the allegiance of another king, do not of themselves constitute him an alien, for he might still be a liege subject by act of parliament, therefore, the bar is incomplete, unless it avers him to be an alien. It was said

in argument to be characteristic of a good plea, that it states all the facts and leaves the law arising on them to the court; the remark is a sound one; but here the court is required to infer, from the facts stated, another which is not stated, to wit: that he is an alien, before they can decide whether the writ is to be quashed or not; that is, they are to add to the plea a very important fact and then declare the law arising on it. The reason given for omitting this important fact is the peculiar circumstances of the case, as if they were any more so than those in *Calvin's case*, who was nevertheless averred to be an alien.

But alienism could not be inferred from the facts stated in the plea, supposing them all to be true. He was on the 3d of July 1776, a subject of the king of Great Britain; so was Hancock and Adams; so was General Washington and the band of patriots that composed his army, and must we gainsay their citizenship and declare them *aliens* to their country? Again, Daniel Coxe, in the year 1777, withdrew from this state; so did also a great many other Americans take refuge with the British army and were called refugees; but they were declared by all our statutes to *owe* allegiance to the state; they were declared to be citizens; were warned of their duty as citizens; and punished in their property as citizens; and we cannot call them aliens even at this day without flying in the face of all our laws. But in the next place he *died* in England; now, if an American citizen happens to die in Europe does that constitute him an *alien*, so that his wife cannot be endowed nor his children inherit his estate? A citizen carries his allegiance with him to every part of the world, and though he may die abroad he does not become thereby an alien. Again, the plea says, that he never took the oath of allegiance to this state, or the United States, or any of them; but does an omission of this duty destroy citizenship? Then what multitudes of our citizens have become aliens and lost the power of transmitting their lands to their children.

But he never proféssed himself to be a citizen; true; nor does allegiance depend at all on so doing so. Lastly. The plea says, that he elected to continue and remain a subject of the king. Now, our laws do not submit this matter to his choice; they do not permit a man to lay aside his allegiance as he puts off a garment, otherwise he might appear in arms against his country without being guilty of treason. Thus no fact set forth in the plea authorizes an inference that the husband was an alien. It is said not to appear that he was born in the United States; but the court holds every suitor to be a citizen unless the contrary is shewn; if the place of birth was material to constitute him an alien, the party relying on alienism should have shewn it in the plea.

Perhaps an apology is due for saying as much as has been said on the manifest defects of this plea; and if so it must be found in the apparent sincerity, and strenuousness with which it was endeavored to be maintained at the bar.

Let the defendants answer over to the count.